# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GERALD BECKNER, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) No. 1:15CV30 ACL |
| NICOLE GREEN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.015120), an inmate at Dunklin County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.33. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $56.65, and an average monthly balance of $24.86. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, Gerald Beckner, an inmate at the Dunklin County Justice Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: Nicole Green (Jail Administrator); Bob Holder (Sheriff, Dunklin County Sheriff's Dept.); and Walley Pointer (Chief Deputy).

Plaintiff alleges that defendants "interfered" with his divorce proceedings by "not pulling him from E Pod in the Dunklin County Justice Center for [his] Divorce Hearing on in front of Judge Meyer on November 12th, 2014." Plaintiff claims that the three defendants knew of the upcoming divorce hearing and did not have the correctional officers take him to attend the hearing at the courthouse. Plaintiff believes this was a violation of his constitutional rights even though he was told by defendants that the Judge reviewing the divorce proceedings had not signed a writ of habeas corpus ad testificandum for his release.

## Discussion

Although the First Amendment recognizes a constitutional right of access to the Courts, the right does not automatically encompass a right to be present in person at a civil trial. *See, e.g., Call v. Heard*, 925 S.W.2d 840, 846 (Mo. Banc 1996) (noting that "constitutionally sufficient access can be afforded by means other than personal appearance"); *see also, Beckwith v. Giles*, 32 S.W.3d 659, 663 (Mo.App.2000) ("it is also equally well-established that a prisoner has no absolute right to appear personally in a civil proceeding").

In fact, by its enactment of Missouri Revised Statute Section 491.230.2 [amended in 1995], the Missouri General Assembly indicated in the strongest possible terms that prisoners should not be permitted to leave prisons to appear in civil cases. The statute noted that "due process was not implicated in the absence of showing that alternative means [were] inadequate to secure meaningful access to the courts."

In 1995, the General Assembly amended § 491.230.2 to permit an inmate who is a party to a civil proceeding to attend a trial when the trial court determined that the inmate would be "substantially and irreparably prejudiced by his failure to attend a trial on the merits in the civil proceeding." The statute was also amended to allow for trials to be held within state correctional facilities, under the discretion of the trial court judge. *See* Mo.Rev.Stat. § 544.275.

> The legislature has provided a variety of alternatives for securing prisoner's rights to access to the courts. In Missouri, prisoners can testify by conventional deposition or by videotaped deposition or by closed circuit television, and in some instances, upon a prisoner's request, a trial judge may, in his or her discretion, conduct a bench trial within the prison in cases whether the prisoner is a party. Only where there are no reasonable alternatives to access the court and a substantial and irreparable prejudice will result from the failure to attend the proceedings may personal attendance be required as a matter of due process.

*Beckwith*, 32 S.W.3d at 663; *see also*, Mo.Rev.Stat. § 544.275

The granting of a writ of habeas corpus ad testificandum to appear in a civil proceeding lies within the discretion of the trial court which should require strict proof of the materiality of the testimony and the necessity of the attendance of the prisoner as a witness. *Beckwith*, 32 S.W.3d at 663. Such proof is then balanced against the State's interest in economy, convenience and security. *State ex rel. Kittrell v. Carr*, 878 S.W.2d 859, 862 (Mo.Ct.App. 1994).

This Court cannot act as a reviewing Court to the state court managing plaintiff's divorce proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (this Court does not have subject matter jurisdiction "over challenges to state court decisions, in particular, cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court].") Thus, plaintiff's case is subject to dismissal on those grounds alone.

In essence, it was up to the state court judge to decide whether plaintiff's attendance at his divorce proceedings was necessary. The judge's failure to issue the writ of habeas corpus ad testificandum was in the state court's discretion and cannot be overturned by this Court.

Moreover, this Court cannot hold defendants liable for damages for carrying out their established duties under state law. In such circumstances, the doctrine of qualified immunity clearly applies. *See Plunkoff v. Rickard*, 134 S.Ct. 2012, 2023 (2013). As such, this action is subject to dismissal under 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 7th day of May, 2015.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE